## Jacob Deitz and another v. Seth O. Groesbeck.

*Special appeal: Irregularities: Remedy: Certiorari: Jurisdictional defects.*
Mere irregularities in the proceedings before the justice cannot be considered on special appeal, but if a party wishes to plant himself upon

those, he must resort to his writ of *certiorari;* questions of jurisdiction, however, are open to him on special appeal.

*Affidavit for civil warrant: Authority of co-plaintiff: Co-tenants: Presumptions.* Authority to make an affidavit for a civil warrant, in a suit commenced before a justice for the wrongful conversion of goods belonging to the plaintiffs, will be presumed where the affidavit is made by one of two plaintiffs who were co-tenants of the property converted.

*Affidavit for civil warrant: Conversion: Bailee: Consent.* An affidavit which shows that defendant has taken the property of the plaintiffs from the possession of their bailee and converted it to his own use, is sufficient to authorize a justice to issue a civil warrant ; it is not necessary in such affidavit to negative any possible defense, such, for instance, as the consent of the bailee, if that would constitute a defense.

*Justice's courts: Adjournments: Special appeal: Return: Record: Presumptions.* An objection, on special appeal, to adjournments by the justice, as having been ordered without any showing, and therefore without authority of law, has no foundation to rest upon in the record where the justice's return, though showing the adjournments, does not show that they were made without the proper application and evidence; on such a return the adjournments will be presumed to have been properly made.

*Heard June 17.          Decided June 18.*

Error to Kalamazoo Circuit.

*Oscar T. Tuthill,* for plaintiffs in error.

*Robert F. Hill,* for defendant in error.

COOLEY, J :

This was a case of special appeal from the judgment of a justice of the peace. A number of errors were assigned, and upon the whole record the circuit court reversed the judgment.

We cannot on special appeal consider mere irregularities in the proceedings before the justice. If a party wishes to plant himself upon those, he must resort to his writ of *certiorari.* Questions of jurisdiction, however, are open to him on special appeal.

The first objection we can notice is, that the affidavit by which the suit was commenced was insufficient, *first,* because it was made by one of the plaintiffs only, and he did not swear to authority from the other; and *second,* because it did not sufficiently show a cause of action. Authority from his co-tenant is to be assumed, and in other particulars we

think the affidavit was sufficient. It showed that defendant had taken the property of the plaintiffs from the possession of their bailee, and converted it to his own use. It was not necessary to negative in the affidavit any possible defense; such, for instance, as the consent of the bailee, if that would constitute a defense.

Some adjournments of the case by the justice are objected to as having been ordered without any showing, and therefore without authority of law. The justice's return shows the adjournments, but does not show that they were made without the proper application and evidence. We must consequently presume they were properly made.

These are all the objections we can notice. The judgment of the circuit court must be reversed, and the cause be remanded for further proceedings.

The other Justices concurred.