CELIA HATCH v. CHARLES CHRISTMAS.

*Justices of the peace—Adjournment of cause—Certiorari—Replevin —Failure of sureties on bond to justify.*

1. In the absence of a *specific* allegation in an affidavit for *certiorari* that no showing was made on oath as a basis for an application for an adjournment in justice's court, if the return shows that the adjournment was duly applied for upon showing made, the presumption is that the showing was legally made, and upon sufficient grounds.

2. The three months for which a justice of the peace may adjourn a case date from the return-day of the process by which suit was commenced.

3. The failure of the sureties in a replevin bond to justify their pecuniary responsibility in writing indorsed on the bond is not a jurisdictional defect, the statute permitting a new bond to be filed where objection is seasonably made.

Error to Ottawa. (Arnold J.) Argued November 10, 1887. Decided January 5, 1888.

Replevin. Defendant brings error. Judgment of circuit

court, affirming justice's judgment, affirmed. The facts are stated in the opinion.

*C. C. Howell*, for appellant.

*George A. Farr*, for plaintiff.

CHAMPLIN, J. This suit originated in justice's court, and was removed to the circuit court by a writ of *certiorari*, where the judgment of the court below was affirmed.

The assignments of error contained in the affidavit for *certiorari* are all rendered unimportant by the return of the justice to the writ, excepting the fifth, which reads as follows:

"That the justice erred in adjourning said cause to the twenty-eighth day of January, 1887."

The reasons alleged why such adjournment was erroneous are—

"1. That no showing was made for an adjournment, by the oath of the plaintiff or otherwise, that the plaintiff could not safely proceed to trial for the want of some material testimony or witness.

"2. That the case was adjourned more than three months, and therefor the justice lost jurisdiction."

*First.* How. Stat. § 6899, provides:

"If either party to the suit shall make it appear to the satisfaction of the justice, by his own oath, or the oath of any other person, that he cannot safely proceed to trial for the want of some material testimony or witness, the justice shall postpone the trial," etc.

The return of the justice to the writ of *certiorari* upon the question of adjournment is that C. C. Howell appeared before him specially on the return-day, and moved to quash the writ of replevin for an alleged defect in the affidavit, which was overruled;—

"And that immediately thereupon the said plaintiff, Celia Hatch, by her said agent, duly applied, upon showing made,

for an adjournment of said cause without pleading to the twenty-eighth day of January, in the year 1887, at one o'clock in the afternoon, at my said office, which application I granted, and ordered that the said cause stand adjourned until the twenty-eighth day of January, in the year 1887, at one o'clock in the afternoon, at my said office; and that said plaintiff, at the last said time and place, did declare in said suit."

His return further shows that defendant did not thereafter appear.

The defendant's attorney, in his affidavit for *certiorari*, did not allege or point out that the adjournment was had without any showing made upon oath or affidavit. He merely states—

"That said cause was then, at the request of the plaintiff, and without the consent of the defendant, adjourned to the twenty-eighth day of January, 1887, at one o'clock P. M., and without even pleading in the case."

I do not think, upon this return, the objection now raised upon this ground is open to the defendant. When there is no specific allegation that no showing was made on oath as a basis of the application for adjournment, and where the return shows that the adjournment was duly applied for upon showing made, the presumption is that the showing was legally made, and upon sufficient grounds. *Deitz v. Groesbeck*, 32 Mich. 303.

The defendant applied to the circuit court for a further return upon certain specified facts, but did not ask a further return upon the facts he now seeks to impeach the legality of the adjournment upon. The return must therefore be held to be a sufficient answer to the point now made.

*Second.* The return-day of the writ of replevin was the eighth day of November, 1886. The three months in which postponements may be had date from the return-day. The case was not therefore adjourned beyond the authorized period.

The fact that the sureties did not justify their responsibility in writing indorsed upon the bond in the replevin suit was not jurisdictional. The statute permits a new bond to be filed where such objection is seasonably made. How. Stat. § 7046. The justice returns that no such objection was made before him.

There being no other errors available to defendant, the judgment is affirmed.

SHERWOOD, C.. J., and MORSE, J., concurred. CAMPBELL, J., did not sit.