JAMES S. STOLL AND SANFORD K. VANNATTA v. WILLIAM
A. PADLEY AND CHARLES O. PADLEY.

*Justices' courts—Summons—Return—Jurisdiction—Authority of
attorney—Docket entries—Adjournment of
cause—Certiorari.*

1. A short summons issued by a justice of the peace under 3 How.
   Stat. § 6829, need not show upon its face that the plaintiff is
   a non-resident of the county.[1]

2. Where a short summons is issued when not justified, the defend-
   ant, on making that fact appear, is entitled to an order dis-
   missing the case.

3. Where the return of service of a justice's summons is signed
   by the person making it as "under-sheriff," without specify-
   ing the county of which he is under-sheriff, and the return
   shows that the service was made in the city where the sum-
   mons was issued, it sufficiently appears that he assumed to act
   as under-sheriff of the county in which said city is situated,
   and the official designation is sufficient.

4. The allegations of error in an affidavit for a writ of *certiorari*
   must be sustained by the return of the justice.

5. An allegation that the plaintiff's attorney did not sufficiently
   prove his authority to appear, and that it appeared upon his
   examination that his authority was in writing, and that no
   writing was produced before the justice, is not sustained by a
   return that the attorney, on the return-day, proved his author-
   ity to appear, and that he not only made such proof orally, but,
   when sworn as a witness in the case, produced other docu-
   mentary proof.[2]

6. Where the return of a justice of the peace to a writ of *certio-
   rari* shows that the case was held open from 9 o'clock A. M.
   of the return-day until the following day at the same hour,
   and that the counsel for the plaintiff in *certiorari* was present,
   and made no objection, although objecting to the jurisdiction
   of the justice on other grounds, and that no suggestion of a
   want of power to hold the case open was made until the next
   morning, when it was suggested that the justice had lost jur-

[1] See *Segar v. Lumber Co.,* 81 Mich. 345.
[2] See *Township of Fruitport v. Circuit Judge,* 90 Mich. 20.

isdiction, it will be presumed that sufficient and valid reasons existed for holding the case open.

7. Where the entries in a justice's docket show that a case was held open from 9 o'clock A. M. of August 2 until the same hour of the following day, and all of the after-proceedings are continuous, and appear by the docket to have occurred on the same day, and all appear above the date of August 3 at the foot of the docket, the docket speaks for itself, and shows that a marginal entry of August 2, opposite said latter entries, is a clerical error.[1]

8. A party has a right to resort to *certiorari* to review a justice's judgment, but he does so at the risk of failing to "hit the bird in the eye," and of losing a trial on the merits in case of such failure.

Error to Muskegon. (Dickerman, J.) Argued October 25, 1893. Decided December 4, 1893.

*Assumpsit.* Plaintiffs bring error. Reversed, and justice's judgment affirmed. The facts are stated in the opinion.

*Turner, Turner & Turner,* for appellants.

*De Long & O'Hara,* for defendants.

MONTGOMERY, J The plaintiffs recovered a judgment against the defendants in justice's court, which, on being removed by *certiorari,* was reversed. We are called upon to examine the several grounds of error alleged in the court below.

1. It is alleged that the justice failed to obtain jurisdiction, for the reason that the suit was commenced by a short summons, which did not show on its face why a long summons was not employed. The statute does not require any such recitation. See *Allen v. Mills,* 26 Mich. 123. If the facts had not been such as to justify the use of a short summons, the defendants, on making the fact

---

[1] See *Damm v. Gow,* 88 Mich. 99; *Holmes v. Cole,* 95 Id. 272, and cases cited.

to appear, would have entitled themselves to an order dismissing the cause. They did not pursue this course, but, on the contrary, made it appear, by their own application for security for costs, that the plaintiffs were not residents of the county, and were therefore entitled to a short summons.

2. It is next claimed that the return of service is insufficient, for the reason that it does not appear by the return of what county the officer is under-sheriff. The return is signed " William H. Smith, Under-sheriff." The service was made, as the return shows, in the city of Muskegon. It is plain enough that the under-sheriff was assuming to act in the county of Muskegon, and the official designation is sufficient.

3. It is alleged as error that the plaintiffs' attorney did not sufficiently prove his authority to appear. It is averred that it appeared on his examination that his authority was in writing, and that no writing was produced before the justice. This is the statement in the affidavit. The return, however, does not affirmatively show these facts. The return is—"Jerome E. Turner, a member of said firm, appearing, who, on the return-day of said summons, had, under oath, proven his authority to appear at the request of James O'Hara, Esq., who announced that he appeared specially for the defendants." It is further stated in the return that "Jerome E. Turner not only proved his authority to appear orally, but produced, when sworn as a witness in said cause, other documentary proof." The return certainly does not affirmatively show error, and, if the plaintiffs in error were not satisfied with it, they should have moved for a further return. The allegation of error must be sustained by the return of the justice.

4. It was also alleged as a ground of error that the justice had lost jurisdiction by holding the cause open

from the 2d of August until 9 o'clock of the next day, on his own motion; and counsel rely upon *Stadler v. Moors,* 9 Mich. 264, and *Hall v. Shank,* 57 Id. 36, as sustaining this contention. The case of *Brady v. Taber,* 29 Mich. 199, is also a case where the same subject was considered. In neither of the cases was there any appearance by defendant for any purpose, and the adjournment was for a period sufficiently long to indicate that it could not have been made to enable the justice to give attention to other pressing official business. In *Stadler v. Moors,* it was said:

"Though the justice might have held the cause open for a reasonable time, and continued the cause from day to day, in the progress of the trial, as the necessities of the case might require, he had no right, without any such necessity, and without entering upon the trial, to adjourn it over for several days."

The facts in this case are very different. The justice held the cause open only until the following morning. Counsel was present representing the defendants, and made no objection, although objecting to jurisdiction on other grounds. No suggestion of a want of power was made until the next morning, when it was suggested that the justice had lost jurisdiction. Under the circumstances, it will be presumed that the justice had sufficient valid reasons for holding the cause open from day to day. To hold that there was not the power would result in hampering, unwarrantably, proceedings in justices' courts. It is a well-known fact that most justices have, of necessity, numerous cases returnable on a single day, and oftentimes at a particular hour. In some cases the parties may be prepared for trial; in others, not. To hold that the justice must deal with a single case as if the trial of that case were to be his last and only official business would result in ousting him of jurisdiction in all others which might be returnable before him on the same day.

5. The defendants moved to dismiss the case for the reason that security for costs was not filed. This was denied upon the assurance, as the docket shows, that security should be given "before judgment should be entered against the defendants." This is evidently a clerical error. Security was in fact filed before the trial proceeded. We think this was sufficient.

6. It was next contended that the judgment was void because of a discrepancy of the dates appearing upon the docket. The docket entries show that the cause was called on the 2d day of August, at 9 o'clock in the forenoon, and proceedings were had down to, and including, the holding open of the cause until 9 o'clock of the forenoon of August 3. The subsequent proceedings appear opposite a marginal entry of August 2, but at the conclusion of the proceedings is the following:

"Dated this 3d day of August, A. D. 1892.
"PETER W. LOSBY,
"Justice of the Peace."

We have repeatedly held that the docket entries must be deemed controlling, and cannot be varied by parol. *Mudge v. Yaples,* 58 Mich. 310; *Weaver v. Lammon,* 62 Id. 367. But in the present case the docket, read as a whole, is not open to misconstruction. It appears by the docket entries that the cause was held open until August 3 at 9 o'clock. All the proceedings which follow this are continuous, and appear by the docket to have occurred on the same day, and all appear above the date of August 3 at the foot of the docket, and demonstrate that the marginal entry of August 2 opposite the later proceedings is a clerical error. Resort to parol testimony is not necessary. The docket speaks for itself, and shows that the proceedings were had at the time to which the cause was held open.

We think none of the alleged errors went to the jurisdiction of the justice. It may prove of little avail to repeat what the Court has so frequently said,—that the more appropriate remedy in such cases as the present is by appeal. See *Gray v. Willcox*, 56 Mich. 58; *Erie Preserving Co. v. Witherspoon*, 49 Id. 377; *Galloway v. Corbitt*, 52 Id. 460. Undoubtedly, the party has a right to resort to *certiorari*, but if he does he must do so at the risk of failing to "hit the bird in the eye," and at the risk of losing a trial on the merits in case of such failure.

The judgment of the court below will be reversed, and that of the justice affirmed, with costs of both courts to the plaintiffs.

The other Justices concurred.