## WILLIAM DEERING & CO. *vs.* JOSEPH VENNE.

Opinion filed May 27th, 1898.

### Justice's Court—Waiver of Service of Summons.

Where counsel for defendant in an action pending in a Justice's Court, who does not appear specially, appears on the return day, and in open court stipulates orally with counsel for the plaintiff for an adjournment of the hearing of the case to a time agreed upon between counsel, and thereupon the court enters in its docket an order embracing the stipulation and adjourning the case to the time agreed upon, *held*, that such action constitutes a voluntary appearance in the action on the part of the defendant, and operates as a waiver of any defects in the summons or its service.

### General Appearance Gives Jurisdiction.

Section 6635, Revised Codes, construed. *Held*, where an action has been commenced by issuing a summons and is pending, the defendant named in the summons may appear generally in such action, and by such appearance will give the court jurisdiction of his person, and this without pleadings being filed by either party.

### Action May be Commenced Without Service of Summons.

*Held*, further, that said section authorizes an action to be commenced before a justice of the peace by the mere appearance and pleading of the parties without the issue of a summons.

### Invoking Jurisdiction is a Submission Thereto—Appeal—Effect.

Revised Codes, sections 6771, 6779, construed. Said sections do not authorize an appeal from a Justice's Court to the District Court to be taken upon questions of law alone. Section 6779 provides "that the action shall be tried anew in the District Court in the same manner as actions originally commenced therein." Accordingly *held*, where a defendant seeking to dismiss an action upon the ground of nonservice of the summons upon him appeals to the District Court, and states in his notice that the appeal is taken on questions of "law alone," that defendant, by such appeal, invokes the authority of the District Conrt to hear and determine the merits, and thereby submits himself to the jurisdiction of the District Court.

### When District Court May Acquire Jurisdiction by Appeal.

*Held*, further, on such appeal, that it is error in the District Court to dismiss the action upon the ground that the justice before whom the action originated never acquired jurisdiction of the person of the defendant. In such case the District Court would acquire jurisdiction independently and by virtue of the appeal, whether the justice did or did not have jurisdiction.

Appeal from District Court, Pembina County; *Sauter*, J.

Action by William Deering & Co., against Joseph B. Venne.

Judgment for plaintiff in the Justice Court was reversed on appeal to the District Court, and judgment entered for defendant. Plaintiff appeals.

Reversed.

*Lewis T. Hamilton* and *H. C. Preston,* for appellant.

An appearance for any other purpose than to question the jurisdiction of the court is general and gives the court jurisdiction of the person. Section 6635, Revised Codes; *St. Louis Car Co.* v. *Stillwater Street Ry. Co.,* 54 N. W. Rep. 1064. Any step which invokes the action of a justice in his official capacity by either party, is an appearance such as will waive any objection to jurisdiction over the person of the moving party. *Hawkins* v. *Taylor,* 35 Am. St. Rep. 82; *Stevens* v. *Harris,* 58 N. W. Rep. 230; *Norberg* v. *Heinnan,* 26 N. W. Rep. 481; *Thompson* v. *M. M. B. Association,* 18 N. W. Rep. 249; *Railroad Co.* v. *R. Co.,* 63 N. Y. 176; *Handy* v. *Ins. Co.,* 37 Ohio St. 366; *Jones* v. *Andrews,* 10 Wall. 332; 1 A. and E. Enc. L. 182. A continuance by agreement, waives the question of jurisdiction. *Baisley* v. *Baisley,* 21 S. W. Rep. 29; *Ashpach* v. *Ferguson,* 32 N. W. Rep. 249; *Von Hesse* v. *Mackaye,* 8 N. Y. Supp. 894; *Waldron* v. *Palmer,* 62 N. W. Rep. 731; *Facey* v. *Fuller,* 13 Mich. 527; *Hercules Iron Works* v. *Ry. Co.,* 30 N. E. Rep. 1050; *Layne* v. *Ry. Co.,* 14 S. E. Rep. 123; *Mahaney* v. *Kephart,* 15 W. Va. 619. An appearance to quash a summons because of a defect in the service, must be limited to that purpose alone, otherwise it is general. *Bucklin* v. *Strickler,* 49 N. W. Rep. 371; *Crowell* v. *Galloway,* 3 Neb. 215. The rule is that when a party seeks to take advantage for want of jurisdiction he must object on that ground alone, and keep out of court for every other purpose. Where the moving party asks relief upon the hypothesis that the court has jurisdiction of the cause and person, this is a submission to the jurisdiction. *Blackburn* v. *Sweet,* 38 Wis. 580. His appeal from the whole of the judgment that embraced the merits of the action, constituted a general appearance. *Dikeman* v. *Mortek,* 45 N. W. Rep. 118.

*John D. Stack*, for respondent.

It is apparent that the adjournment taken was for the purpose of reducing to writing defendant's objections under his special appearance, this was not a waiver of the point. *Nelson* v. *Campbell*, 24 Pac. Rep. 539; *Downing* v. *Grow*, 36 Pac. Rep. 335.

WALLIN, J.   This action originated in a Justice's Court.  A summons issued on the 11th day of February, 1896, returnable on the 15th day of the same month, and was delivered to a constable for service.   It was returned without being served upon the defendant, with an indorsement thereon to the effect that the defendant was absent from said county.   On the return day the justice issued a second summons for publication, under the authority conferred by section 6443 of the Revised Codes.  On the return day named in the second summons certain proceedings were had in the action the nature of which are best explained by the entries made in the justice's docket, which are as follows:  "This is an action brought to recover sixty-four dollars and seventy-one cents and interest on a promissory note.   Summons issued this 11th day of February, 1896.  Affidavit for attachment and undertaking filed this 11th day of February, 1896, and warrant of attachment issued, summons returnable February 15th, 1896, at 10 o'clock A. M.   February 15, 1896, at 10 o'clock A. M., the time set for trial, plaintiff appears by counsel, D. J. Laxdal, who files complaint and affidavit for second summons for publication; the returns of the officer showing that the defendant cannot, after diligent search and inquiry, be found in the County of Pembina, North Dakota.   A second summons is accordingly issued directing the defendant to appear at 10 o'clock A. M., March 14, 1896. March 14, 1896, the hour set for trial, J. D. Stack appearing for defendant and D. J. Laxdal for plaintiff, and by consent of parties case adjourned until 1 o'clock P. M., this date.   One o'clock P. M., the hour adjourned to, case opened, J. D. Stack appears specially, and files special objections to the jurisdiction of the court herein.   Complaint in this case presented this 14th

day of March, 1896, by D. J. Laxdal. To my knowledge, said complaint has not before this time been among the papers in this case, and I cannot say whether I have ever seen the same or a copy thereof. The docket showing complaint filed in action and a verification of a complaint appearing among the papers herein filed, the court is of the opinion that a complaint was filed herein on February 15, 1896. Second summons and affidavit of publication filed. Special objections made by J. D. Stack overruled by this court, no answer being filed, and plaintiff having filed the note sued upon in this action (as Exhibit B;) and upon motion of D. J. Laxdal, attorney for plaintiff, it is hereby ordered and adjudged that plaintiff have and recover judgment against the defendant, J. B. Venne, for the sum of eighty-six dollars and seventy-one cents, debt and damages, and the costs and disbursements of this action, amounting to twenty-six dollars and eighty-five cents, making a total judgment of one hundred and thirteen dollars and fifty-six cents, and that the proceeds of the property herein attached be applied on this judgment as prayed for in the complaint. March 14, 1896. H. E. Pratt, Justice of the Peace."

The special objections to the jurisdiction of the court filed by defendant's counsel, and referred to in the docket entry, consisted of a series of objections to the jurisdiction of the justice over the person of the defendant, based upon alleged defects in the proceedings had to obtain service of process. The objections were overruled by the justice. In the view we have taken of the case, it will be unnecessary to determine whether the grounds of the objections filed with the justice were or were not valid. From the judgment as entered by the justice the defendant appealed to the District Court, and in his notice of appeal stated "that the said appeal is taken upon questions of law alone, and from the whole of said judgment, and appellant relies upon errors of law as disclosed by the records." In the District Court a motion was made in plaintiff's behalf for a judgment in its favor on the pleadings, upon the ground that the defendant had filed no answer or demurrer in the action. This motion was

denied.   Whereupon defendant's counsel made a motion to dismiss the action, concerning which the record is as follows: "The defendant, J. B. Venne, appears specially by his counsel, J. D. Stack, for the purpose of urging the special objection and and exceptions to the jurisdiction of the court as shown by the records of the justice of the peace before whom the case was tried, and said counsel especially limits his appearance to said objections and exceptions and the matter therein stated, and appears herein for no other purpose whatever. J. D. Stack, Attorney for Defendant." This motion was granted, and, pursuant to the order of the District Court, a judgment was entered dismissing the action, with costs in favor of the defendant. From this judgment, plaintiff has appealed to this court.

In this court the discussion of counsel centers upon a single inquiry, namely, whether jurisdiction of the person of the defendant was acquired by the justice of the peace. It is nevertheless obvious that if the District Court had, in any manner, acquired such jurisdiction before it entered its judgment of dismissal for want of jurisdiction, such judgment was erroneous, and must be reversed. We are clearly of the opinion that such jurisdiction existed in the District Court. In our opinion, this view may be sustained upon either of two independent grounds, *i. e.*: Upon the ground of a voluntary general appearance of the defendant in the action by counsel in the Justice's Court; secondly, upon the ground that the action was removed to the District Court by an appeal to that court under the provisions of the Revised Codes. It is a well established rule of practice that a voluntary appearance by a defendant entered in an action pending in a court of original jurisdiction, unless such appearance is made specially for the purpose of attacking jurisdiction, is in itself a confession that the court has jurisdiction of the person of the defendant. This rule has been recognized by the legislature and especially made applicable to Justices' Courts. Revised Codes, section 6635, reads: "An appearance for any purpose (except to interpose or maintain an objection to the jurisdiction assumed

under the process) is a voluntary appearance." Counsel for respondent contends that the first sentence of this section shows that, unless the parties plead in the action as well as appear therein, no action can be commenced. Hence, as he argues, no appearance can be made in any such action. This position would be correct in a case where no action is commenced by the issue or service of a summons. Under the statute in such case, in lieu of any summons, the legislature has permitted litigants to institute an action by a voluntary appearance before the magistrate, followed by pleadings interposed on both sides.

But in the case at bar there was an existing action which had been commenced in the usual and statutory mode of commencing actions, viz. by the issue of a summons. Rev. Codes, section 6635. The action being instituted, and then pending, the defendant, by his counsel, made a voluntary appearance therein, and such appearance was not made specially for the purpose of assailing the jurisdiction of the justice. Counsel, being before the court on the return day, orally entered into a stipulation with respect to the matter of adjourning the hearing of the case to a time which was mutually satisfactory to counsel. Upon this stipulation proceedings were taken by the court by ordering an adjournment of the hearing of the case to said time, and thereupon the court, in due form entered in its docket such order, embracing the stipulation upon which it was based. This was a voluntary appearance of the defendant in the action, unguarded by a special appearance, and operated, under the rule of practice we have mentioned, as a concession of jurisdiction over the person of the defendant. After such appearance the special appearance attempted to be made by defendant's counsel came too late. The attitude assumed by the attempted special appearance was that of a stranger to the action seeking to deny that he was a party to the action. This attitude was entirely inconsistent with his former relation to the action in which the defendant had obtained a privilege which is accorded only to a party, viz. that of entering into a stipulation with opposite counsel, and procur-

ing an order of court in the action, which order subserved the convenience of the defendant with respect to a subsequent proceeding in the action. The privileges of a party in an action cannot be accorded to a mere stranger who has never acquired the status of a party. The act of entering into a stipulation with the opposite counsel, and procuring an order of adjournment or other order of the court affecting the proceedings in the action, without qualifying the act by a special appearance, has uniformly been held to constitute a voluntary appearance. See *Waldron* v. *Palmer*, (Mich.) 62 N. W. Rep. 731; *Auspach* v. *Ferguson*, (Iowa) 32 N. W. Rep. 249; *Blackburn* v. *Sweet*, 38 Wis. 579; *St. Louis Car Co.* v. *Stillwater St. Ry. Co.*, (Minn.) 54 N. W. Rep. 1064; *Mahany* v. *Kephart*, 15 W. Va. 609; *Hercules Iron Works* v. *Elgin, J. & E. Ry. Co.*, (Ill. Sup.) 30 N. E. Rep. 1050; *Baisley* v. *Baisley*, (Mo. Sup.) 21 S. W. Rep. 29. Mere technical objections, which tend to defeat rights, are not to be encouraged. *Bucklin* v. *Strickler*, (Neb.) 49 N. W. Rep. 371.

The appeal to the District Court was taken under the provisions of Revised Codes, section 6771, *et seq.* Section 6771 provides that "the appeal is taken by serving the notice of appeal on the adverse party or his attorney," etc. It will be observed that this section does not prescribe the form of the notice, nor in any way indicate the questions which are to be presented to the appellate court. These omissions of the statute are significant in construing the same, in view of the fact that the former statute regulating appeals, and which was superseded by the Revised Codes, did prescribe in terms the character and functions of a notice of appeal. The former statute was mandatory, and required the appellant to state in his notice whether the appeal was taken on questions of law or fact, or both. Compiled Laws, section 6129. Under *Id.* section 6131, the appellant had an election either to demand or not demand a new trial in the District Court, and the character of the trial in the appellate court was determined by the terms of the notice of appeal. All of these provisions were swept away by the revisors of the codes.

The law in force when the appeal was taken in the case at bar not only did not, in terms, permit an appeal to be taken to the District Court on questions of law alone, but it stated in plain terms that the action should be "tried anew in the District Court in the same manner as actions commenced therein." Revised Codes, section 6779. When construed with reference to the pre-existing law regulating appeals, the conclusion is irresistible that the Revised Codes did not authorize or allow an appeal to the District Court upon questions of law alone. The appellant is chargeable with notice of the provisions of the statutes which were in force when the appeal was taken, and hence will be presumed to have known when he took the appeal that the action would be tried anew in the District Court, and could not be otherwise tried in that court. Under such circumstances, the defendant, by the appeal, must be held to have invoked a trial anew upon the merits of the case. By so doing, the defendant necessarily submitted to the jurisdiction of that court over his person, and thereafter could not be heard to deny that he was a party to the action. In this case the appeal was from the whole judgment. See *Dikeman* v. *Mrotek*, (Wis.) 45 N. W. Rep. 118.

Upon these considerations it follows that the District Court was in a position to try the action on the merits, and hence it was error to dismiss the same. 2 Enc. Pl. & Prac. 614, note 2. The right of appeal is a statutory right, and being such, it is competent for the legislature, not only to regulate the matter of appeals, but to deny the right for some purposes, and confer it for others. With the expediency of any such legislation the courts have nothing to do. A party is not, however, remediless in a case where no appeal is allowed. A judgment entered without jurisdiction may be attacked in various ways. The most usual mode is to resort to the writ of *certiorari*. This writ will be available in a case where no appeal is allowed, and where the law affords no other plain, speedy, and adequate remedy. Revised Codes, section 6098.

The judgment will be reversed, and the action will stand for trial anew in the District Court. All the judges concurring.