ANDERSON & SON, Respondents, v. HJERRILD, Appellant.

(155 N. W. 780.)

(File No. 3773.   Opinion filed December 31, 1915.)

1.  **Justices of the Peace—Conferring Jurisdiction on—Appearance and Moving for Change of Venue, Effect.**

Where a defendant in justice's court voluntarily appeared and moved for and secured a change of venue to another justice, such appearance conferred jurisdiction over the person of the defendant upon the first justice.

2.  **Appeals—Justices of the Peace—Loss of Jurisdiction by Continuance—Notice to Justice—Docket Entry—Statute—Liberal Presumption Favoring Justices' Proceedings.**

Under Justice's Code, Sec. 93, providing that every justice shall keep a docket in which he must enter "every adjournment, stating on whose application, and at what time," where a justice's docket contained an entry showing the setting of a case for trial on a certain date, that on or before that date "notice was sent to me that the defendant's attorney could not be present on said date. Time was extended and notice given to all parties concerned," setting a later date for trial, held, that in reviewing proceedings before justices of the peace, the courts will regard them with indulgence and liberality in furtherance of justice; that there is sufficient in said docket entry

to show that the adjournment was upon defendant's application, because his attorney could not be present, and it will be presumed that the notice and information to the justice as to such inability was by some proper and legal means presented to said justice. So held, against the objection that the docket did not show whether the notice was sent to the justice by defendant or by plaintiff.

3. **Justices of the Peace—Loss of Jurisdiction—Notice to Parties of Trial—Presumption—Docket Entry—Statute.**

The docket of a justice of the peace, to whom a case had been sent on change of venue, showed that, after the date of trial had been fixed and noticed to the parties, notice was sent the justice that defendant's attorney could not be present on said date, that "the time was extended and notice given to all parties concerned," setting the trial at a later date. **Held,** against the objection that the justice lost jurisdiction by failure to serve upon defendant notice when and where the trial would take place at least one day before the time fixed (J. C. Sec. 7, Subd. 2,) that, nothing appearing in settled record, on appeal from justice to circuit court, showing that such notice was not timely and regularly given, the presumption is that it was regularly given; the statute not requiring that the fact of said notice, or the manner of service thereof, be entered in the docket.

Appeal from Circuit Court, Turner County. Hon. ROBERT B. TRIPP, Judge.

Action by Anderson & Son, against Bina Nelson Hjerrild. Judgment in Circuit Court on appeal, for plaintiff; from which judgment defendant appeals. Affirmed.

*Bogue & Bogue*, for Appellant.

*French & Orvis*, for Respondent.

(1) To point one of the opinion, Appellant cited: Laws 1909, Ch. 61; Leomosio v. Eartilino, 7 S. D. 93.

Respondent cited: William Deering & Co. v. Venne, (N. D.) 75 N. W. 926; Post v. Brownell & Co., 36 Iowa, 497; Fanton v. Byrum, 26 S. D. 366.

(2) To point two of the opinion, Appellant cited: Victor Mill & Mining Co. v. Justice Court of Township 18, etc., 1 Pac. 831 (Nev.); Haben v. Citizens Telephone Co., 142 N. W. (Mich.) 1070; Ency. Pleading & Practice, Vol. 12, p. 672; Vandement v. Trisler, 4 Ohio N. P. 37; Ayers, Weatherwax & Reid Co. v. Smiback, 5 S. D. 31; Section 56, Justice Code; 7 S. D. 93.

Respondent Cited:   Sec. 93, Justice's Code; Mayes v. Gold=smith, 58 Ind. 94; Baizer v. Lasch, 28 Wis. 268.

(3) To point three of the opinion, Appellant cited:   Iowa Union Tel. Co. v. Baylan, et al., (Iowa) 52 N. W. 1122; Plano Mfg. Co. v. Stokke, (N. D.) 81 N. W. 70; Sulga v. Walker, (N. D.) 81 N. W. 282; Crandall v. Bacon, 20 Wis. 639, 91 Am. Dec. 451; Minneapolis Threshing Machine Co. v. Skau, (S. D.) 75 N. W. 199; Justice's Code, Sec. 7, Subd. 2; Money Weight Scale Co. v. Edwards, 50 A. 62 (Del.).

McCOY, P. J.   This is an appeal by defendant from a judgment of the circuit court affirming a judgment of a justice of the peace in favor of plaintiff.   The summons was issued on January 26, 1914, by A. F. Andreasen, justice of the peace, and made returnable on January 30th at 9 o'clock a. m.   The "town marshall" certified that on the 27th day of January he served the said summons upon defendant personally.   On January 30th the defendant appeared and made a motion for change of venue to the next nearest justice, basing such motion on an affidavit of defendant stating that she believed she could not have a fair and impartial trial before said A. F. Andreasen, justice of the peace, by reason of the interest, prejudice, and bias of said justice, which motion for change of venue was granted, and the cause thereafter on the 7th day of March, 1914, certified to Justice of the Peace Chris Paulsen for trial.   The docket entries of Justice Paulsen, omitting the reference therein to the docket entries of Justice Andreasen, contain, among other things, the following:

"The above action was received by me on the above-named date, and I have on the 9th day of March issued notice of trial to all parties concerned setting time of trial on March 13, 1914, at 2 p. m.   On or before March 13th notice was sent to me that the defendant's attorney could not be present on said date.   Time was extended and notice given to all parties concerned, setting April 15th at 2 o'clock p. m. for trial of foregoing action.

"April 15, 1914, 2 o'clock.   The plaintiff appearing in person and by attorney, * * * and after waiting for the period of one hour, and the defendant not appearing, it is decreed and adjudged that the plaintiff be awarded judgment for the full amount of the claim. * * *"

Thereafter an appeal was taken to the circuit court by said

defendant upon questions of law alone based upon a settled statement of case, and which judgment of the justice court was affirmed on such appeal.

[1] On this appeal it is first urged by appellant that the justice of the peace Andreasen never acquired jurisdiction of said action, in that said court never acquired jurisdiction over the person of the defendant; that the "town marshal" of some undisclosed town made the certificate of service. We are of the view, however, that the defendant submitted to the said court jurisdiction over her person by voluntarily appearing and moving for and securing a change of venue to another justice. Freeman v. Burks, 16 Neb. 328, 20 N. W. 207; Post v. Brownell, 36 Iowa, 497; Wm. Deering & Co. v. Venne, 7 N. D. 576, 75 N. W. 926; Mayes v. Goldsmith, 58 Ind. 94.

[2] It is also contended by appellant that the learned circuit court erred in holding that Justice Paulsen did not lose jurisdiction by his adjournment from March 13th to April 15th. The specific contention of appellant is that it does not appear from the docket entry how notice was sent to the justice, whether by defendant or plaintiff; that this was not an adjournment upon the application of either party to the action; it was an adjournment by the court itself. The statute (section 93, Justices' Code) provides that every justice must keep a docket, in which he must enter certain specified things, among which are 'every adjournment, stating on whose application, and to what time." Courts, in reviewing the proceedings of a justice of the peace, exercise much liberality. The general rule, stated in 24 Cyc. 744, is as follows:

"It is the uniform practice of the courts in reviewing proceedings had before justices of the peace to regard them with marked indulgence and liberality in the furtherance of the ends of justice, and, if possible, sustain them by every reasonable and warrantable intendment. Thus, in the absence of a showing to the contrary, the conduct of the hearing before the justice will be presumed to have been regular; and it will be presumed that the rulings and the decision of the justice were correct. But where a justice is required to enter on his docket the fact that certain things were done in the progress of a case pending before him, it will be presumed, in the absence of such entry, that they were not done."

We are of the opinion that there is sufficient in this docket entry in question to show that this adjournment was upon the application of defendant, for the reason that his attorney could not be present on March 13th; and it will be presumed that the notice and information to the justice as to the inability of defendant's attorney to be present was by some proper and legal means presented to such justice. The manner or means by which application for a continuance may be made is not required to be entererd in the docket. It seems to be a well-established rule that, where it appears that a justice's court has jurisdiction over the subject-matter and over the person of the defendant, it will be presumed, in the absence of any affirmative showing to the contrary, that the acts and judgment of such justice are regular and legal, and that all steps were properly and legally taken to preserve and retain jurisdiction to enter judgment; that, under such circumstances, every reasonable intendment will be made to sustain the jurisdiction of the justice. Baizer v. Lasch, 28 Wis. 268; Hatch v. Christmas, 68 Mich. 84, 35 N. W. 833; Stoll v. Padley, 98 Mich. 13, 56 N. W. 1042; Church v. Pearne, 75 Conn. 350, 53 Atl. 955; Fox v. Hoyt, 12 Conn. 491, 31 Am. Dec. 760; Black on Judgments, § 287; 24 Cyc. 744.

[3] Appellant also contends that the circuit court erred in holding that Justice Paulsen did not lose jurisdiction by his failure to serve upon defendant a notice when and where said trial would take place at least one day before the time fixed for trial. There is nothing appearing in the settled record, on the appeal from justice to circuit court, showing that such notice was not timely and regularly given. The statute does not require that the fact of such notice or manner of service thereof be entered in the docket. The presumption, therefore, is that such notice was regularly given.

The judgment appealed from is affirmed.