[No. 16635. Department One. December 7, 1921.]

## MAE GOLDEN, *Respondent*, v. EDWARD C. HYDE, *Appellant*.[1]

APPEARANCE (4—8)—GENERAL OR SPECIAL—WAIVER. Special appearance by an attorney to move the quashal of a show cause order is preserved, notwithstanding he sought to stipulate for a continuance, and also asked the court for a continuance of the hearing, since such acts did not constitute an attempt to obtain affirmative relief.

ATTORNEY AND CLIENT (49)—COMPENSATION—CLIENT'S RECOVERY OF MONEY OR PAPERS—PROCEEDINGS—STATUTES. Summary proceedings against an attorney, under Rem. Code, §§ 137, 138, apply only to money or papers which an attorney may receive in trust for his client, and have no reference to personal property delivered to an attorney, as security for his fees, where no fraud or overreaching is charged.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered April 9, 1921, adjudging the defendant guilty of contempt, after a hearing on affidavits. Reversed.

*J. Grattan O'Bryan,* for appellant.

*Robert D. Hamlin,* for respondent.

[1]Reported in 202 Pac. 272.

TOLMAN, J.—Assuming to act under §§ 137 and 138, Rem. Code (P. C. §§ 186, 187), respondent filed a petition in the superior court for King county, setting up that, in August, 1920, she was arrested and committed to the county jail, charged with a crime, and that appellant, who was then and still is a duly licensed attorney at law, was retained and employed to defend her for an agreed fee of $250; that $80 on account of such fee was paid in cash, and for the sole purpose of securing the payment of the remainder, respondent delivered to appellant a certain diamond stick pin (value not stated), and executed and delivered to appellant a bill of sale therefor, absolute in its terms, the consideration named being the professional services performed and to be performed. The petition further alleges that respondent has tendered to appellant the sum of $170 in full payment of the agreed fee, and demanded the return of the stick pin, and that appellant refuses to accept the money or return the pin. The tender is renewed in the petition, and the prayer is that appellant be required to show cause why he should not forthwith surrender the pin, and upon a hearing that he be required so to do.

The show cause order was issued, returnable on a day certain, and appellant appeared specially and moved to quash. Whether this special appearance was maintained is one of the disputed points in the case. The record fails to show any ruling on the motion to quash, but it appears that the matter was heard as to the merits on affidavits, and resulted in an order which required appellant to deliver the pin described in the petition within fifteen days or to show cause why he should not be adjudged in contempt of court and punished accordingly.

Appellant failed to deliver the pin within the time fixed, made a showing to the effect that he claimed

absolute title under the bill of sale, had disposed of the pin long before these proceedings were commenced, and was wholly unable to return it. On application of the petitioner, the court entered an order in which it was recited that the excuse offered for the failure to deliver up the pin was insufficient, and wherein appellant was adjudged guilty of contempt of court, and that he be committed to the county jail, there to remain until he complied with the previous order or be sooner discharged in manner and form prescribed by law; from which order this appeal is prosecuted.

In addition to what is shown in the record as above set forth, the statement of facts shows that appellant filed with his affidavit, before the hearing on the merits, the following:

"Now comes the defendant . . . . and preserving his special appearance heretofore entered and further objecting to the jurisdiction of the court herein, files this affidavit of the defendant in replying to the show-cause order heretofore entered herein."

And also filed with his affidavits, before the hearing at which he was adjudged in contempt of court, the following:

"Preserving special appearance heretofore entered and preserved in this case, the defendant herewith submits the attached affidavits in compliance with the order of the court made on March 12, 1921."

The only action taken by appellant or his attorneys thought to be inconsistent with the attempt to maintain his special appearance was, first, to stipulate for a continuance; and second, to ask the court for a continuance of the hearing upon the first show cause order. This was not an attempt to obtain affirmative relief, and therefore not inconsistent with the special appearance. *Alaska Pacific Navigation Co. v. Southwark Foundry & Mach. Co.*, 104 Wash. 346, 176 Pac.

357. We think the special appearance was sufficiently preserved under authority of *Matson v. Kennecott Mines Co.,* 103 Wash. 499, 175 Pac. 181, and the authorities there cited.

Whether the court denied the motion to quash or ignored it, still, by preserving his special appearance, appellant did not submit himself or his rights voluntarily to the jurisdiction of the court, and may now present and have determined the right of the trial court, in the absence of consent, to proceed under the summary provisions of the statute referred to, upon the facts as shown by respondent's petition. The statute reads:

"Section 137. Proceedings to compel delivery of papers—When an attorney refuses to deliver over money or papers to a person from or for whom he has received them in the course of professional employment, whether in an action or not, he may be required by an order of the court in which an action, if any, was prosecuted, or if no action was prosecuted, then by order of any judge of a court of record, to do so within a specified time, or show cause why he should not be punished for a contempt.

"Section 138. Proceedings where lien exists—If, however, the attorney claim a lien upon the money or papers, under the provisions of this chapter, the court or judge may,—

"1. Impose as a condition of making the order that the client give security, in a form and amount to be directed, to satisfy the lien, when determined in an action;

"2. Summarily to inquire into the facts on which the claim of a lien is founded, and determine the same; or

"3. To refer it, and upon the report determine the same as in other cases."

As we read it, the statute refers only to those moneys or papers which an attorney may receive in trust for his client, and has no reference to an article like a

diamond stick pin which was delivered to the attorney not to be used in his client's interests, but as payment or security for his fees, especially where no fraud or overreaching is charged. 6 Corpus Juris 712, and authorities there cited. The questions in issue here are properly triable in an action at law in which either party may demand a trial by jury, if desired, and not otherwise.

The judgment appealed from is reversed, with directions to dismiss the proceeding.

PARKER, C. J., FULLERTON, MITCHELL, and BRIDGES, JJ., concur.