## PLACEK v. AMERICAN LIFE INS. CO.

(District Court, W. D. Washington, N. D. April 18, 1923.)

No. 7398.

1. **Corporations ⬪⟹662—Insurance ⬪⟹627(2)—Corporation present for purposes of suit in all jurisdictions where transacting business.**

While a corporation is a citizen of the state creating it, in many instances, its business is mainly transacted elsewhere, and it is not unreasonable to hold that a corporation is present for the purpose of suit in all jurisdictions where it transacts a substantial part of its regular business and that it may be subjected to suit in a transitory action, particularly where one of the state's own citizens is a suitor, and this is what was intended by Rem. Comp. Stat. Wash. § 7044, providing for service of process on the insurance commissioner.

2. **Appearance ⬪⟹9(1)—Stipulation for extension of time a general appearance.**

Where defendant first appeared as a party to a stipulation, agreeing that "the time within which the defendant may plead to the plaintiff's complaint herein be, and the same hereby is extended for the period of 30 days," there was a general appearance, invoking the court's jurisdiction.

Action by E. J. Placek against the American Life Insurance Company. On defendant's motion to quash service. Motion denied.

Reynolds, Ballinger & Hutson, of Seattle, Wash., for plaintiff.

Carr, Cox, Evans & Riley, of Des Moines, Iowa, and Burkheimer & Burkheimer, of Seattle, Wash., for defendant.

CUSHMAN, District Judge. Plaintiff, a citizen of the state of Washington, sued the defendant, a citizen of Iowa, in the state court. The cause was removed to this court. The suit is on a contract made outside of the state of Washington, to be performed outside this state. Service of process was made upon the insurance commissioner of the state of Washington. Defendant moves to quash the service.

The statute of the state of Washington provides:

"The commissioner shall not issue a certificate of authority to transact any business of insurance in this state to any foreign or alien insurance company until it has executed and filed in his office a written appointment of the insurance commissioner to be the true and lawful attorney of such company in and for this state, upon whom all lawful process *in any action or proceedings against such company commenced in any county in this state may be served with the same effect as if it were a domestic company having its principal office in such county.* The service upon such attorney shall thereafter be deemed service upon the company." Section 7044, Remington's Comp. Stats.

The instrument executed by the defendant, appointing the insurance commissioner to accept service of process, recites that service upon the Commissioner—

"shall * * * be deemed personal service upon the company, so long as it shall have any liabilities outstanding in the state of Washington."

The defendant, at the time of the commencement of the action, it is stated in plaintiff's affidavit filed herein—

"had, and has, outstanding in said state, certain policies of insurance granted to residents of said state upon which said policies of insurance the persons so insured by defendant paid to defendant, and now pay to defendant, premi-

ums at stated intervals, and at the time of the commencement of this action defendant had, ever since has, and now has, outstanding liabilities in the state of Washington."

In Robert Mitchell Furniture Co. v. Selden Breck Construction Co., 42 Sup. Ct. 84, 66 L. Ed. 201 (decided by the United States Supreme Court, December 5, 1921), the defendant had terminated its business in the state of Ohio before service of summons upon its agent appointed for service. In that case the court says:

" * * * The indications of the Ohio statutes, so far as they go, look to 'liability incurred within this state.' "

And:

" * * * Of course when a foreign corporation appoints one as required by statute it takes the risk of the construction that will be put upon the statute and the scope of the agency by the state court."

No decision of the Supreme Court of the state of Washington upon this point has been called to the court's attention. It was further stated by the court in the Mitchell Case:

"The purpose in requiring the appointment of such an agent is *primarily* to secure local jurisdiction in respect of business transacted within the state." (The italics are those of this court and not of the Supreme Court.)

[1] In the absence of a contrary interpretation by the Supreme Court of the state, this court will not, by construction, narrow the statutory language, "any action or proceedings against such company," so as to make it apply only to litigation arising out of business transacted within the state, although such may have been the "primary" or main purpose and object of the Legislature in subjecting a foreign company to the local jurisdiction. While a corporation is a citizen of the state creating it, in many instances, its business is mainly transacted elsewhere, and it is not unreasonable to hold that a corporation is present for the purpose of suit in all jurisdictions where it transacts a substantial part of its regular business, and, being so present, that the Legislature intended, by the above language, to subject it to suit in a transitory action, particularly where one of the state's own citizens was suitor. Lyden v. Western Life Ind. Co. (D. C.) 204 Fed. 687.

[2] Defendant's first appearance in this action was as a party to a stipulation agreeing that "the time within which the defendant may plead to the plaintiff's complaint herein be, and the same hereby is extended for a period of 30 days." Upon this stipulation, presumably at defendant's solicitation, the court by order granted such extension of time. This constitutes a general appearance by the defendant invoking the court's jurisdiction in asking such extension of time. It also amounted to an implied agreement with plaintiff that defendant would plead to plaintiff's complaint and reserved no right to attack the process, service or jurisdiction over the person of the defendant. By such action on the part of the defendant, it waived any right to specially appear and challenge the jurisdiction over aught but the subject-matter. Case v. Mountain Timber Co. (D. C.) 210 Fed. 567. In Golden v. Hyde, 117 Wash. 677, 202 Pac. 272, it is argued that the court reached a contrary conclusion.

Motion to quash is denied.